FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 15 AM 9:53
CLERK M. ARW
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.      CV 618-032

COMMISSIONER GREGORY DOZIER,
et al.,

    Defendants.

**O R D E R**

Before the Court are Plaintiff's *pro se* motions to recuse. (Docs. 3, 5.) Plaintiff requests that both the undersigned and United States Magistrate Judge R. Stan Baker recuse themselves "from this case and any further cases involving" Plaintiff. (Mot. to Recuse, Doc. 3, at 1.) These two motions are identical to each other and to the motions for recusal Plaintiff filed in at least three other cases before this Court.[1] A short history of this case's factual and procedural background is available in the Magistrate Judge's Report and Recommendation entered on March 7, 2019. (See Doc. 19.)

---

[1] See Daker v. Allen, Case No. 6:17-CV-023, Doc. 95 (S.D. Ga. Mar. 5, 2018) ("Allen I"); Daker v. Allen, Case No. 6:17-CV-079, Doc. 52 (S.D. Ga. Mar. 5, 2018) ("Allen II"); Daker v. Dozier, Case No. 6:17-CV-110, Doc. 18 (S.D. Ga. Mar. 5, 2018) ("Dozier"). In each of these cases the Court denied Plaintiff's motion to recuse. (See Allen I, Doc. 98; Allen II, Doc. 55; Dozier, Doc. 21.)

Plaintiff asserts that recusal is required of the undersigned and Magistrate Judge Baker pursuant to 28 U.S.C. § 455(a) because "[t]his Court's history of orders shows a pattern by both Judge Hall and Magistrate Baker of treating Mr. Daker disparately and discriminatorily as compared to other cases, and saying anything it can to rubberstamp-dismiss any and every case he files." (Mot. to Recuse, at 4.) Plaintiff further contends that the undersigned and Magistrate Judge Baker have acted as "surrogate prosecutor[s]" and have "flipflopped" by issuing inconsistent rulings across Plaintiff's multiple pending cases. (Id. at 16-22.)

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810-11 (11th Cir. 2012). Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); see also Jones, 459 F. App'x at 811 ("The facts alleged in the affidavit must show that the bias was personal, not judicial in nature." (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977))).

Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Generally, judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Jones, 459 F. App'x at 811 (citing Archbold-Newball, 554 F.2d at 682); see also Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citation omitted)). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted); see also Liteky, 510 U.S. at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." (emphasis added)).

3

Here, Plaintiff's bias allegations are based on comparisons between his cases and the cases of other inmates before this Court and for inconsistencies between the Court's rulings.[2] These allegations, however, are insufficient to warrant recusal of the assigned judges in this case.

First, Magistrate Judge Baker, having been confirmed as a District Judge in this District, is no longer serving on this case. (See In re Magistrate Judge Case Assignments, Case No. 1:18-MC-012, Doc. 1 (S.D. Ga. Sept. 5, 2018).) Accordingly, Plaintiff's motion for recusal of Judge Baker is denied as moot.

Second, Plaintiff did not satisfy the relevant procedural requirements of Section 144. See 28 U.S.C. § 144. Plaintiff's motions do not include any affidavits, much less a legally sufficient one.

Further, even ignoring the procedural defects, the majority of Plaintiff's arguments stem from his disagreement with the Court's rulings in his cases. Plaintiff cites case law that purportedly shows why the Court's rulings are incorrect. Such

---

[2] For example, Plaintiff argues the Court "flipflopped" in its treatment of Allen I and Daker v. Allen, Case No. 4:17-CV-106 (S.D. Ga. filed June 19, 2017) ("Allen III"). Both cases concerned whether a habeas corpus petition was an appropriate avenue to challenge placement in segregation. The Court, however, granted Plaintiff's motion for reconsideration and vacated its Order in Allen III to bring it in line with the prior ruling in Allen I. (See Allen III, Doc. 28.) Because the Court granted Plaintiff's motion for reconsideration and harmonized its rulings in Allen I and Allen III, Plaintiff's bias argument holds no weight.

4

disagreements with judicial rulings are not "a valid basis for a bias or partiality motion." See Liteky, 510 U.S. at 556.

Finally, Plaintiff's quibbles with the amount of time he was granted for an extension as compared to other *pro se* litigants. However, this is not the type of decision that demonstrates bias or partiality. See id. ("A judge's ordinary efforts at courtroom administration . . . remain immune".) Again, Plaintiff's allegations are judicial, not personal, in nature. In total, Plaintiff failed to present evidence that shows a "deep-seated favoritism or antagonism that would make fair judgment impossible" or otherwise raise an objective doubt about the assigned judges' impartiality. See id. at 555. Therefore, recusal of the assigned judges is not required, and Plaintiff's motions for recusal (Docs. 3, 5) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA