IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,            *
                         *
    Plaintiff,           *
                         *
        v.               *    CV 618-032
                         *
COMMISSIONER GREGORY DOZIER, *
et al.,                  *
                         *
    Defendants.          *

**O R D E R**

Presently before the Court are *pro se* Plaintiff Waseem Daker's Motion to Vacate (doc. 25) and Supplemental Rule 59(e) Motion (doc. 30). For the following reasons, Plaintiff's motions are **DENIED**.

Plaintiff was an inmate in the custody of the Georgia Department of Corrections from October 2012 through the commencement of this action in March 2018. (Compl., Doc. 1.) Plaintiff, a Muslim, asserted numerous claims arising from incidences where he was forced to shave his beard in contravention of his religious beliefs. (Compl., at 61-62.) The Court dismissed all of the claims in its March 29, 2019 Order adopting the United States Magistrate Judge's Report and Recommendations. (Doc. 23.) Plaintiff filed the instant motions seeking relief from the Court's March 29th Order and the Clerk's entry of judgment.

To begin, Plaintiff filed his motions citing Federal Rule of Civil Procedure 59(e), which requires such motions to be filed within twenty-eight days of the entry of judgment. The Clerk entered judgment on March 29, 2019, but Plaintiff did not file the instant motions until May of 2019. Consequently, his motions are converted into a Rule 60(b) motion. See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) ("Here, because it was not filed within 10 days of the district court's entry of judgment, [movant's] motion is cognizable only as a motion for relief from judgment pursuant to [Rule 60(b)]."); see also Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988) (comparing Rule 59(e) and Rule 60(b) motions and noting "the style of a motion is not controlling").

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud, . . . misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

"Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case." Gonzales v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291-92 (11th Cir. 2004). Plaintiff attempts to do exactly that; his motions are best characterized as responses to the Magistrate Judge's Report and Recommendations and this Court's Order adopting them. The motions present none of the six grounds for relief from judgment specified in Rule 60(b).

Based on the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Plaintiff's motions (docs. 25, 30) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of October, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3